WHITMAN (PITTS v.).   See Case No. 11,-196.

WHITMAN (WHITE v.).   See Case No. 17,-561.

WHITMAN. The ABBY.   See Case No. 15,

WHITMORE (MARSH v.).   See Case No. 9,-122.

## Case No. 17,580.

In re WHITNEY et al.

[2 Lowell. 455; [1] 14 N. B. R. 1: 8 Chi. Leg. News. 195.]

District Court, D. Massachusetts.   Dec., 1875.

BANKRUPTCY — OBJECTIONS TO DISCHARGE — CONSENT OF CREDITOR—PECUNIARY CONSIDERATION—FRAUD.

1. If the assent of a creditor to the discharge of a bankrupt is procured by a pecuniary con-

---

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

sideration moving from a third person, with no conceivable motive but to benefit the debtor, the presumption is very strong that the payment was made in behalf of the bankrupt.

2. Where a creditor, whose debt, after being proved, had been bought for more than its value by the brother of one of a bankrupt firm, signed an assent to the discharge of both bankrupts, and there was a signature later than his, under circumstances which proved that the assent was influenced by the purchase, *held*, that the privity of the bankrupt to the fraud was immaterial, and the bankrupt's discharge was refused.

[Cited in Re Sawyer, Case No. 12,395.]

3. Where an assent to the discharge of two bankrupt partners was written on one piece of paper, and the signature of a creditor was procured by a pecuniary consideration in behalf of one bankrupt, *held*, that neither could be discharged.

[In the matter of Whitney & Munson, bankrupts.]

R. M. Morse, Jr., for opposing creditors.
N. B. Bryant, for bankrupts.

LOWELL, District Judge. The third specification of objection to the discharge of the bankrupts is, that they, or some person in their behalf, procured the assent of Reuben G. Morse, a creditor, to their discharge, by the payment of money. The evidence tended to show that the brother of one of the bankrupts bought the claim of Morse, which had been proved against the estate; that the name of Morse is signed to the assent after four others, and before the sixth and last. It appeared that the negotiation for the purchase of this debt was conducted like any other purchase. Morse asking $300, and obtaining only $200. Nothing was said about discharge, so far as the witnesses recollected, and it was not proved when the assent was given. The brother testified that he bought the debt for the chance of the dividend, that he had had no communication with the bankrupts before buying, and that afterwards his brother told him he did not want to hear any thing about it, lest fraud should be charged. I am satisfied, from the clear weight of the evidence, that no one of ordinary business capacity could have bought this debt with any expectation of a dividend exceeding $200; for this, among other reasons, that he could probably have bought the whole assets for that price, instead of a rather small fraction thereof. Upon the whole, I feel justified in believing, though against the positive testimony of the purchaser, that he must have had some other end to attain than the receipt of a dividend; and none can be thought of but that which was attained. By the English law, when the certificate of discharge required the assent of creditors, it was held to have been obtained by fraud, if any one, even without the knowledge of the bankrupt, paid money to induce a creditor to sign it. Robson v. Calze, 1 Doug. 228; Holland v. Palmer. 1 Bos. & P. 95. Lord Eldon regretted that the law had gone to such a length as to make void a certificate obtained by inducements offered to a friend or enemy, without any privity on the part of the bankrupt, and when, as he said, the bankrupt perhaps would have abhorred such means of procuring it. Ex parte Butt, 10 Ves. 359; Ex parte Hall. 17 Ves. 62. And he is said to have permitted a bankrupt in one case to apply for his discharge anew. Ex parte Harrison. Buck, 227, note.

Our statute speaks of a consideration given "in behalf" of the bankrupt, and was perhaps intended to vary the strict rule to some extent.

[I have held that where the evidence was clear and undisputed that the opposition of a creditor had been bought off by one who was a surety of the bankrupt on certain bonds in court, which it was for the interest of the surety to have discharged, and the surety acted wholly on his own account and without consultation with or care for the bankrupt, the discharge could not be vacated for that cause; the payment not having been one in behalf of the bankrupt. in the sense of the law. That creditor had signed no assent.] [2] Ex parte Briggs [Case No. 1,868]. But I observed in that case that different considerations might arise when a signature of a creditor had been obtained by money and placed upon the paper in such a way that it might have influenced other creditors to sign. This has been always held to be in itself a fraud on creditors, independently of any clause in a statute, and without regard to who has done it. Jackson v. Lomas, 4 Term R. 166; Leicester v. Rose, 4 East, 372; Dauglish v. Tennent. L. R. 2 Q. B. 49; Philips v. Dicas, 15 East. 248. There is, besides, this circumstance in the present case: that the payment was made by a friend, with no conceivable motive but to benefit the bankrupt. In such a state of things it would be unsafe not to have the presumption a very strong one. I will not say conclusive, that such a payment is made in the debtor's behalf. In many of the decided cases it has appeared that the consideration has moved from a friend or relative of the debtor, and it would be very easy, of course, to conceal the motive. If it were clearly proved, as in the case already referred to, that a distinct and intelligible motive had influenced the action of the third person, and that the debtor was ignorant of the action until after it had been committed, I am still of the opinion that the certificate ought not to be refused, unless other creditors may have been misled. I do not find that the debtors have made out such an exceptional case. I am obliged to say "debtors," because the paper was a joint one; and, though the claim was bought by the brother of only one of them, it operates to the advantage of both, and must be presumed to have been done in behalf of both. Discharge refused.

[2] [From 14 N. B. R. 1.]